UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Nite Glow Industries Inc., I Did It, Inc. and Marni Markell Hurwitz,<br><br>      Plaintiffs,<br><br>- against –<br><br>Central Garden & Pet Company & Four Paws Pet Company, d/b/a Four Paws Products, Ltd,<br><br>      Defendants. | Civil Action No.: 2:12-cv-04047<br><br>_Return Date: August 19, 2013_ |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

**SUMMARY OF FACTS** ........................................................................................................... 4

**ARGUMENT** ............................................................................................................................. 9

    I. LEGAL STANDARD ............................................................................................................ 9

        A. *There Has Been No Undue Delay, Bad Faith Or Dilatory Motive* .................................. 10

        B. *The Amendments Would Not Be Futile* ............................................................................ 12

        C. *No Undue Prejudice Will Result* ...................................................................................... 13

        D. *"Good Cause" has been shown* ....................................................................................... 14

**CONCLUSION** ........................................................................................................................ 16

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Gould, Inc.,* 739 F.2d 858, 869 (3d Cir. 1984), *cert. denied,* 469 U.S. 1122, 105 S. Ct. 806, 83 L. Ed. 2d 799 (1985) .................................................................................................. 10

*Am. Gen. Life Ins. Co. v. Altman Family Ins. Trust*, 2009 U.S. Dist. LEXIS 119327, *7 (D.N.J. Dec. 22, 2009) ................................................................................................................... 11

*Arthur v. Maersk, Inc*., 434 F.3d 196, 203 (3d Cir. 2006) ...................................................... 9, 11

*AstraZeneca AB v. Ranbaxy Pharms., Inc*., 2008 U.S. Dist. LEXIS 102097, 25-26 (D.N.J. Dec. 15, 2008) .................................................................................................................................. 13

*Avatar Bus. Connection, Inc. v. Uni-Marts, Inc*., 2006 U.S. Dist. LEXIS 44434 (D.N.J. June 30, 2006) ...................................................................................................................................... 10

*Carter v. Estate of George Baldwin Lewis*, 2009 U.S. Dist. LEXIS 120359, 3-5 (D.N.J. Dec. 28, 2009) ...................................................................................................................................... 10

*Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 n. 19 (3d Cir. 1969) ........................... 11

*Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ......................................... 9

*Koch Materials Co. v. Shore Slurry Seal, Inc*., 216 F.R.D. 301, 306 (D.N.J. 2003) ................... 13

*Lassoff v. New Jersey*, 2006 U.S. Dist. LEXIS 5350, 6-7 (D.N.J. Jan. 31, 2006) ....................... 12

*Massarsky v. General Motors Corp*., 706 F.2d 111, 125 (3d Cir. 1983) ...................................... 9

*McElyea v. Navistar Int'l Transp. Corp*., 788 F. Supp. 1366, 1371 (E.D. Pa. 1991), aff'd without opinion, 950 F.2d 723 (3d Cir. 1991) ...................................................................................... 14

*Reynolds v. Avalon*, 799 F. Supp. 442, 450 (D.N.J. 1992) ......................................................... 10

*Rowe v. E.I. du Pont de Nemours & Co*., 2010 U.S. Dist. LEXIS 16185, 13-14 (D.N.J. Feb. 24, 2010) ...................................................................................................................................... 14

**Rules**

Fed. R. Civ. P. 15(a) .................................................................................................................. 4, 9

Fed. R. Civ. P. 16(b) .................................................................................................................. 4, 9

*Attachments*

Exhibits A – E

Declaration of Ernest D. Buff

Marked-up version of the proposed amended Complaint [& Exhibits thereto]

Clean (un-marked) version of the proposed amended Complaint

Pursuant to Fed. R. Civ. P. 15(a) in conjunction with Fed. R. Civ. P. 16(b) Plaintiffs Nite Glow Industries Inc., I Did It, Inc. and Marni Markell Hurwitz (collectively, "Plaintiffs" or "I Did It") move before the Court to seek leave to file a Second Amended Complaint.[1] A marked-up version of the proposed amended Complaint is annexed to this Memorandum.[2]

## SUMMARY OF FACTS

I Did It moves before the Court to amend its Complaint to include causes of actions of patent infringement, misappropriation, breach of contract and false marking concerning I Did It's United States Patent Nos. 7,204,206 and 7,549,399 directed to omnidirectionally reflective pet leashes.

This is an action for patent infringement, breach of confidentiality and misappropriation of trade secrets against Defendants / Counterclaimants Central Garden & Pet Company, and Four Paws Pet Company d/b/a Four Paws Products, Ltd's (collectively "Central"). The action stems from Central's misappropriation of confidential information and illegal practice of patent claims owned by I Did It Inc. Defendant Central, through domination and control of its subsidiary Defendant Four Paws, misappropriated highly sensitive confidential intellectual property which I Did It Inc. furnished under a Confidentiality Agreement executed between I Did It Inc. and Defendant Four Paws.

I Did It Inc. has secured an extensive patent portfolio including patent properties directed toward pet health care products and technology, including a novel Direct Delivery Applicator

---

[1] A first amended complaint was filed on 02/13/2013 to, *inter alia*, incorporate Ms. Hurwitz as a Plaintiff.
[2] The marked-up red-lined version of the Amended Complaint is provided along with a clean un-marked copy.

assembly especially suited to apply flea, tick, or insect repellant directly onto an animal's skin with minimal contact to the pet caregiver. The Direct Delivery Applicator technology is described and claimed in US Pat. No. 8,057,445 ("'445 Patent") and is currently the patent-in-suit of this litigation matter. A copy of the '445 Patent is attached as Exhibit A.

On August 27, 2008 Plaintiff carried out a presentation that detailed the direct delivery applicator assembly covered by the '445 Patent. Further, on May 5, 2009 I Did It via d/b/a Nite Glow Industries entered into a Confidentiality Agreement with Defendant Four Paw wherein Defendant Four Paws acted as an agent of its parent company, Defendant Central. A copy of the Confidentiality Agreement is attached as Exhibit B. At the May 5, 2009 meeting Plaintiff again detailed and discussed the direct delivery applicator assembly covered by the '445 Patent and innovative omnidirectionally reflective [retractable] pet leashes described and claimed in U.S. Patent Nos. 7,204,206 and 7,549,399 ("'206 Patent and '399 Patent"), each of which is owned by Plaintiff Nite Glow Industries, Inc. Copies of the '206 and '399 Patents are attached as Exhibits C and D, respectively.

During the May 5, 2009 meeting Ms. Hurwitz discussed I Did It Inc.'s innovative Confidential Information, which is described and claimed in the '206 Patent and '399 Patents. As with the Direct Delivery Applicator, Ms. Hurwitz was asked not to go anywhere else with the reflective retractable leashes, and was asked once again to leave information and prototypes with Defendant Four Paws. Once again, as with the Direct Delivery Applicator disclosure, Ms. Hurwitz was also asked to assist with design and development of the retractable leash and was given reason to believe that Defendant Four Paws wished to enter into an exclusive licensing

5

arrangement. However, as with the Direct Delivery Applicator, a license agreement was never executed and I Did It Inc. heard nothing further from Defendants

In February 2012 I Did It Inc.'s Ms. Hurwitz was attending a Global Pet Expo trade show and learned that Central was making, using, offering for sale and selling a Confidential Information covered by the patent-in-suit, the '445 Patent directed to the direct delivery applicator, and the '206 Patent and '399 Patent directed to the omnidirectionally reflective pet leashes. *See* Declaration of Ernest D. Buff, ¶2. While attending the Global Pet Expo trade show, Ms. Hurwitz saw Plaintiff's omnidirectionally reflective retractable leashes presented by Central – and upon examination of the packaging found that Central had marked the packaged product with Plaintiff's patent numbers. *See* Declaration of Ernest D. Buff, ¶2. The retractable leashes offered for sale by Central were marked with the number of the '206 Patent and '399 Patent as notice to others that the retractable leashes being sold by Central were protected by the claims of the '206 and '399 Patents.  A copy of the packaging is attached as Exhibit E.

Immediately thereafter Plaintiff's counsel, Ernest D. Buff, notified George Yuhas, General Counsel for Defendant Central of the infringing activity concerning the '206 and '388 Patents. *See* Declaration of Ernest D. Buff, ¶3. In June 2012 Plaintiffs filed the original Complaint in this matter going toward the direct delivery applicator covered by the patent-in-suit. *See* Declaration of Ernest D. Buff, ¶4. Despite discussions with George Yuhas, General Counsel for Defendant Central, it had become increasingly clear that the parties could not reach an amicable resolution as to the direct delivery applicator device infringement issue.  *See* Declaration of Ernest D. Buff, ¶4. At that time, Plaintiffs still hoped for an amicable resolution concerning Central's omnidirectionally reflective retractable leash matter and therefore the leash

matter was not included in part of the original complaint. *See* Declaration of Ernest D. Buff, ¶4. The Complaint was served in September 2012.

During the Scheduling Conference before Judge Patty Shwartz on January 31, 2013 the parties discussed the reflective retractable leash issue with Hon. Judge Shwartz and at that time Defendant's Counsel Mr. Burnside indicated he would look into the matter. *See* Declaration of Ernest D. Buff, ¶5. Soon thereafter, on Monday, February 04, 2013 Mr. Burnside requested via email communication information with respect to sales, royalty calculations and payments concerning leash products. *See* Declaration of Ernest D. Buff, ¶6. In accordance with the request on April 3, 2013 Royalty Reports for Four Paws sales of Nite Brite leashes covering the period April 2009 through July 2012 were emailed to Mr. Burnside. *See* Declaration of Ernest D. Buff, ¶6.

On April 5, 2013 a Telephone Conference was held on the record before Judge Patty Schwartz, wherein again the parties discussed the retractable leash issue and wherein, to my recollection, Mr. Burnside indicated he was reviewing the royalty reports and would look further into the matter. *See* Declaration of Ernest D. Buff, ¶7.

At the Settlement Conference on June 12, 2013, the parties again discussed the omnidirectionally reflective retractable leash infringement matter wherein George Yuhas, General Counsel for Defendant Central represented that he would be coming in with a license agreement proposal regarding the retractable leash issue. *See* Declaration of Ernest D. Buff, ¶8. According to Plaintiff's recollection, Honorable Judge Waldor instructed General Counsel Yuhas and Counsel Burnside to provide the proposal mentioned by Mr. Yuhas regarding the retractable leashes to Plaintiffs by the end of June 2013. *See* Declaration of Ernest D. Buff, ¶9. After the

June 12, 2013 Plaintiffs have heard nothing further from Defendants / Defendant's Counsel Mr. Burnside concerning the matter. *See* Declaration of Ernest D. Buff, ¶9.

Despite the Court's instruction, Central has failed to contact Plaintiffs regarding the retractable leash infringement issue, and Central has continued its activities while failing to compensate I Did It Inc. in any way for the illegal acts of infringement currently ongoing. These acts constitute patent infringement and false marking violations.

These illegal acts clearly represent the modus operandi of Central's blatant disregard for intellectual patent properties owned by Plaintiffs. Additionally, the modus operandi substantiates Central's dominance and control over Defendant Four Paws, and evidences Central's further misappropriation of Confidential Information.

The Court should grant leave to I Did It Inc. to amend its Complaint because justice so requires. The amendment is not futile as the proposed pleading is sufficient on its face. There has been no undue delay, bad faith or dilatory motive. Leave should be granted for at least the following reasons:

- ✓ Facts underlying I Did It Inc.'s addition of infringement claims and false marking claims directed to the '206 and '399 Patents were only recently ripened owing to Defendants failure to provide an amicable resolution regarding the retractable leash infringement by the end of June 2013, good cause for an extension of the original deadline for seeking amendment to the pleadings should be extended.

- ✓ No undue prejudice will result to Central as discovery is still underway and the liability stems from the same circumstances and confidentiality agreement of that of the patent-in-suit.

- ✓ As there is no statutory bar or otherwise, I Did It Inc. could readily file a separate action against Central.

- ✓ In the essences of efficiency, it would be beneficial to all parties involved to grant I Did It Inc. leave to add the infringement claims and false marking claims directed to the '206 and '399 Patents in this litigation matter.

Accordingly, because there is good cause for extending the scheduling order deadline pursuant to Rule 16(b), and because the proposed amendment will not cause undue prejudice to defendants, I Did It Inc.'s motion to amend the complaint should be granted.

## **ARGUMENT**

I.  Legal Standard

Leave to amend pursuant to Fed. R. Civ. P. 15(a) should be freely granted. *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).  Although liberally granted, the decision to grant leave to amend a complaint rests within the sound discretion of the trial court under Fed. R. Civ. P. 15(a). *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983). The Supreme Court in *Foman* has instructed that leave to amend should be freely granted in the absence of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment. *Foman*, 371 U.S. at 182.  "Only when these factors suggest that the amendment would be 'unjust' should the court deny leave." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

Wherein leave is requested after the time period set forth in the scheduling orders, considerations of Fed. R. Civ. P. 16(b) is also applied.  Fed. R. Civ. P. 16(b) further requires that the scheduling order only be modified for "good cause" in conjunction with Rule 15(a)'s

directive that leave to amend a complaint be "freely given." *Reynolds v. Avalon*, 799 F. Supp. 442, 450 (D.N.J. 1992). The Court of Appeals has determined that it could be an abuse of discretion to refuse to entertain a motion to amend even after summary judgment is entered. *Avatar Bus. Connection, Inc. v. Uni-Marts, Inc*., 2006 U.S. Dist. LEXIS 44434 (D.N.J. June 30, 2006) *citing Adams v. Gould, Inc.,* 739 F.2d 858, 869 (3d Cir. 1984), *cert. denied,* 469 U.S. 1122, 105 S. Ct. 806, 83 L. Ed. 2d 799 (1985).

Application of both Fed. R. Civ. P. 15(a) and 16(b) supports that position that justice requires allowing I Did It to amend its Complaint. First, there has been no undue delay nor bad faith or dilatory motive on the part of I Did It Inc. Secondly, I Did It Inc. extended ample time to Central to settle the retractable leash issue amicably and Central failed to contact I Did It Inc. with a license proposal by the end of June as directed by the Court. Second, no undue prejudice will be endured by Central as discovery in this matter is still open, and the same witnesses and discovery would be involved. I Did It Inc.'s amendment would not be futile as the addition of the claims involving the '206 and '399 Patents are pled in a manner that is legally sufficient on its face and each are subject to this Court's jurisdiction.

A. There Has Been No Undue Delay, Bad Faith Or Dilatory Motive

Delay alone does not justify denying a motion to amend. *Carter v. Estate of George Baldwin Lewis*, 2009 U.S. Dist. LEXIS 120359, 3-5 (D.N.J. Dec. 28, 2009) Instead the delay must be 'undue', placing an unwarranted burden on the court, or 'prejudicial', placing an unfair burden on the non-movant. *Id.* Reasons for the delay are examined by the Court to determine

whether the movant's delay is even to be considered; the same holds true in the Court's examination of bad faith. *Id*.

Delays of several months have been found to not be 'undue'. *Arthur,* 434 F.3d at 203 (Third Circuit found that a period of eleven months from commencement of an action to the filing of a motion to amend was not, on its face, so excessive as to be presumptively unreasonable). The Third Circuit in *Arthur* pointed out that "only one appellate court" was uncovered in the Court's research that denied leave to amend based on a delay of less than one year. *Id*. at 204. Indeed "waiting sixteen months from the filing of the Original Complaint to seek leave to amend will not be deemed presumptively unreasonable." *Am. Gen. Life Ins. Co. v. Altman Family Ins. Trust*, 2009 U.S. Dist. LEXIS 119327, *7 (D.N.J. Dec. 22, 2009).

Facts underlying I Did It Inc.'s addition of infringement claims and false marking claims directed to the '206 and '399 Patents were only recently ripened once Defendants failed to provide the proposed license by the end of June 2013 as instructed by the Court. Thus, the time frame is merely a three weeks from the end of June 2013 date to present.

If for arguendo sake the April 26, 2013 date for amending pleadings as set forward in ¶10b page 4 of the Scheduling Order is applied rather than the June 2013 date, the delay would only amount to a matter of three months. This amount of time would still not be considered prejudicial when considering the above applied case law. What is more, delay alone is not considered "undue" unless the non-moving party can show that it was prejudiced. Central must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the I Did It Inc.'s amendment been timely. *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 n. 19 (3d Cir. 1969).

Central will not be unfairly disadvantaged or deprived of the opportunity to present facts or evidence – especially since not only is fact discovery still open, but expert discovery is also still open. Therefore, Defendants will have ample opportunity to present facts or evidence were the Court to grant I Did It Inc.'s motion to amend.

B. The Amendments Would Not Be Futile

Plaintiff's amendments concerning the '206 and '399 Patents are inexplicably intertwined with the facts and circumstances involved in the patent-in-suit because the activities arose under the same Confidentiality Agreement, involved the same parties, and involved the same set of circumstances. Given the liberal standard applied in granting amendment of pleadings, courts place a heavy burden on opponents who wish to declare a proposed amendment futile. *Lassoff v. New Jersey*, 2006 U.S. Dist. LEXIS 5350, 6-7 (D.N.J. Jan. 31, 2006). In determining "futility" the Third Circuit has stated that "the trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Id*. Accordingly, leave will be denied if the amendment is "frivolous or advances a claim or defense that is legally insufficient on its face…" *Id.* at *7. Conversely, if a proposed amendment is not clearly futile, then denial of leave to amend is improper. *Id*.

I Did It Inc.'s amendments would not be futile, as the pleading involving the '206 and 399 Patents are legally sufficient on its face and could readily withstand a motion to dismiss. I Did It Inc. can prove facts in support of its claim which would entitle I Did It Inc. to relief. Specifically, it is established that I Did It Inc. d/b/a Nite Glow Industries is the owner of the '206 and '399 Patents, and that the retractable leashes sold by Central list the '206 and '399 Patents on

12

the back packaging. Moreover, the claims are not barred by the statue of limitations or any other legal mechanism.  Therefore, I Did It Inc.'s proposed amendment is not futile.

C.  No Undue Prejudice Will Result

      To establish undue prejudice, Defendants must show that allowance of the amendment would (1) require Defendants to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay resolution of the dispute; or (3) prevent  Defendants from bringing a timely action in another jurisdiction.    *Long v. Wilson,* 393 F.3d 390, 400 (3d Cir. 2004).

      Courts require that the non-moving party do more than merely claim prejudice; it must show that it would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely. *Koch Materials Co. v. Shore Slurry Seal, Inc*., 216 F.R.D. 301, 306 (D.N.J. 2003) (No undue prejudice found where discovery was still open and Koch could not demonstrate that it would have been denied the opportunity to present facts or evidence.)  Re-review of documents, additional paperwork, discovery and depositions will not support a showing of undue prejudice; rather it is the denial of opportunity to present facts or evidence which lends support for undue prejudice. *Id*.  When discovery is still open there is simply no denial of opportunity to present facts or evidence, and therefore no grounds for undue prejudice. *AstraZeneca AB v. Ranbaxy Pharms., Inc*., 2008 U.S. Dist. LEXIS 102097, 25-26 (D.N.J. Dec. 15, 2008) (no undue prejudice found where discovery was opened and defendant was added to the action, notwithstanding delays a new defendant may cause and need to engage in additional discovery).

Defendants / Central will not be prejudiced, unfairly disadvantaged or deprived in any manner were the Court to grant I Did It Inc.'s motion to amend. Central will not be required to expend significant additional resources, nor would there result in a significant delay in resolution of the dispute as it has been established that:

- ✓ Fact discovery for this matter is still open;
- ✓ Central has been on notice as to its infringing activities regarding the retractable leashes and the issue has only recently ripened with Central's failure to submit a proposal by the end of June 2013 as instructed by the Court;
- ✓ The same Confidentiality Agreement and business meeting applied to the confidential information disclosure of the patent-in-suit direct delivery applicator and the confidential information disclosure of the '206 and '399 patents directed to the omnidirectionally reflective leashes;
- ✓ The activities involve the same parties and further represent Central's modus operandi in dealing with intellectual property of I Did It Inc.

Without a factual basis to show Central will be subject to undue prejudice, any claims as to such are without merit. Accordingly, Central will not be prejudiced, unfairly disadvantaged or deprived in any manner were the Court to grant I Did It Inc.'s motion to amend.

D.  "Good Cause" has been shown

To establish good cause under Rule 16, the party seeking the extension must show that the deadlines set forth in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension." FED. R. CIV. P. 16(b) Advisory Committee Notes to 1983 Amendments; *Rowe v. E.I. du Pont de Nemours & Co.*, 2010 U.S. Dist. LEXIS 16185, 13-14 (D.N.J. Feb. 24, 2010) *citing McElyea v. Navistar Int'l Transp. Corp.*, 788 F. Supp. 1366, 1371 (E.D. Pa. 1991), aff'd without opinion, 950 F.2d 723 (3d Cir. 1991). Good cause may also be satisfied if the movant shows that the inability to comply with a scheduling order is "'due to any

mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'" *Rowe*, 2010 U.S. Dist. LEXIS 16185, *14.  The New Jersey District Court has held that later discovered facts establish the requisite "good cause".  *Reynolds*, 799 F. Supp. at 450 (D.N.J. 1992)(Motion to amend granted wherein original scheduling order's deadline for amending pleadings passed and the later amended scheduling order (which was entered after the deadline date) did not mention an amended deadline for amending pleadings, and wherein the plaintiff moved to amend the pleading one month after learning of the facts.)

"Good cause" for extending the scheduling order deadline pursuant to Rule 16(b) has been shown.  I Did It Inc. could not have moved to amend the Complaint prior to the April 2013 deadline as I Did It Inc. has in good faith believed that Central sought to resolve the issue amicably and submit a license proposal to I Did It Inc.  Again at the Settlement Conference in June 2013 Central represented that it would provide a proposal to I Did It Inc. by the end of June.  This issue did not become ripe until the end of June 2013 when Central failed to extend a proposed license agreement to I Did It Inc.  Thus, I Did It Inc. could not have reasonably met the April 2013 deadline.

## CONCLUSION

I Did It Inc.'s motion to amend should be granted as there has been no undue delay, no undue prejudice as to Central, the amendments would not be futile, and "good cause" has been shown.

Dated:  July 26, 2013                                             Respectfully submitted,

_____

Ernest D. Buff
Margaret Anne LaCroix
ERNEST D. BUFF & ASSOCIATES, LLC
231 Somerville Road
Bedminster, New Jersey 07921
ebuff@edbuff.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on 26th day of July 2013, the foregoing *"Plaintiffs' Memorandum Of Law In Support Of Their Motion For Leave To File A Second Amended Complaint"* has been electronically filed with the USDC NJ Court and served on all counsel of record identified in the below Service List by email transmission.

**SERVICE LIST**

Russell Scott Burnside
Greenberg, Dauber, Epstein & Tucker, PC
Email: rburnside@greenbergdauber.com

DATED: July 26, 2013

Ernest D. Buff
NJB No. 003281974
ERNEST D. BUFF & ASSOCIATES, LLC
231 Somerville Road
Bedminster, New Jersey 07921
Telephone: (908) 901-0220
Facsimile: (908) 901-0330
Email: ebuff@edbuff.com
*Counsel for Plaintiffs*