NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NITE GLOW INDUSTRIES INC., I DID IT, INC., & MARNI MARKELL HURWITZ, <br><br> Plaintiff, <br><br> v. <br><br> CENTRAL GARDEN & PET COMPANY & FOUR PAWS PET COMPANY, D/B/A FOUR PAWS PRODUCTS, LTD. <br><br> Defendants. | Civil Action No.: 2:12-cv-04047 <br><br><br> **OPINION AND ORDER** |

**WALDOR, United States Magistrate Judge**

Currently before this Court is a motion by Plaintiffs Nite Glow Industries Inc., I Did It Inc., and Marni Markell Hurwitz ("Plaintiffs" or "Nite Glow") for leave to file a second amended complaint pursuant to FED. R. CIV. P. 15(a)(2) to add causes of action of: (1) patent infringement, (2) misappropriation, (3) breach of contract, and (4) false marketing concerning Plaintiffs' United States Patent Nos. 7,204,206 and 7,549,399 ("206 Patent" and "399 Patent"), against defendants. (Dkt. No. 42-1, "Sec. Motion to Amend," p. 1). Defendants Central Garden & Pet Company & Four Paws Pet Company, d/b/a Four Paws Products, Ltd, ("Defendants" or "Central") oppose the Second Motion to Amend. (Dkt. No. 47 "Central Opp.," p. 1).

The Court resolves this Motion on the papers without oral argument pursuant to Local Rule 78.1(b). Having considered the parties' submissions and for the reasons set forth below, Plaintiff's Motion to Amend is hereby **GRANTED.**

I. **DISCUSSION**

Plaintiff Nite Glow commenced this action on or about June, 29, 2012 alleging claims for patent infringement against Defendants pursuant to 35 U.S.C. § 282 concerning its United States Patent No. 8,057,445 ("445 Patent"). (Dkt. No. 1 "Initial Comp.," ¶ 14). The Second Amended Complaint alleges that Defendants additionally violated Plaintiffs' "206 Patent" and "388 Patent" by offering for sale products marked with patent numbers without properly compensating Plaintiffs. (Sec. Motion to Amend, p. 6, 8).

On July 26, 2013, Plaintiff filed the instant Motion to Amend. (Sec. Motion to Amend). Included in this Motion was a proposed Second Amended Complaint. (Dkt. No. 42-4 "Sec. Amended Complaint"). On August 21, 2013, Central filed its opposition. (Central Opp.). Central opposes the Second Amended Complaint on the basis of futility (Central Opp. p. 1). Specifically, Central argues that the Second Amended Complaint includes "four baseless and unsupported counts" against the Defendants. Id. In support of its argument, Central includes a License Agreement executed on January 1, 2009 between Plaintiffs and Defendant Four Paws. (Dkt. No. 47 Central Opp. p. 2, Ex. A "License Agreement").

Legal Standard

FED. R. CIV. P. 15(a)(2) allows a party to amend its pleading by leave of court when justice so requires. FED. R. CIV. P. 15(a)(2). Leave to amend pleadings is to be freely given. FED. R. CIV. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962). The decision to

grant leave to amend rests within the discretion of the court. Foman, 371 U.S. at 182. Pursuant to Foman, leave to amend may be denied on the basis of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment. Id. "Only when these factors suggest that amendment would be 'unjust' should the court deny leave." Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006) (internal citations omitted).

Here, Central opposes Plaintiffs' Second Motion to Amend on the basis of futility. (Central Opp. p. 1). "In assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (citation omitted)). Under this standard, the question before the Court is whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court must accept all factual allegations as true "as well as the reasonable inferences that can be drawn from them." Brown v. Philip Morris, Inc., 250 F.3d 789, 796 (3d Cir. 2001). The Court must also construe the facts in a light most favorable to the non-moving party. Ghobrial v. Pak Manufact., Inc., 2012 WL 893079, *3 (D.N.J. March 13, 2012).

A. Analysis

Plaintiffs legally own United States Patent Nos. "206 and 388" in addition to the "445 Patent" previously discussed in the initial complaint. (Dkt. No. 42-3 "Sec. Amended Complaint," Ex. A, Ex. B; Initial Complaint, ¶ 14). The crux of Central's argument is that it lawfully used Plaintiffs' Patents in accordance with the terms of the License Agreement and thus the patent infringement claim is frivolous. (Central Opp. p. 2, Ex. A. License Agreement). However, on a

motion to amend, the Court must accept all allegations in the Amended Complaint as true, draw all reasonable inferences therefrom and view them most favorably toward the Plaintiff. See Ghobrial, 2012 WL 893079, at *3). The License Agreement only includes explicit licensing of the "206 Patent" and not of the similarly disputed "399 Patent". (Central Opp. p. 2, Ex. A. License Agreement). Furthermore, even if the License agreement does control both patents, there are still breach of contract issues alleged. (Sec. Motion to Amend p. 1). Defendants respectfully ask for more time to calculate related royalties, but previous settlement efforts have been unsuccessful. (Central Opp., p.3; Dkt. 42-2 Sec. Motion to Amendment "Declaration of Ernest D. Buff ¶ 5-10). The Court, at this early stage, finds that the addition of causes of action related to "206 Patent" and "399 Patent withstand a futility challenge. Central's challenge to the Patent Infringement cause of action citing the License Agreement may be more appropriate for motion practice once discovery is conducted. Accordingly, the Motion to Amend is granted.

## II.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Amend its complaint is hereby **GRANTED.**

It is hereby ORDERED that, within ten (10) days of the date of this Order, Plaintiff shall file and serve an Amended Complaint as set forth above.

The Clerk of the Court is directed to terminate Docket No. 1(Insert Docket Number)
**SO ORDERED.**


s/ Cathy L. Waldor
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**

**DATED: October 4, 2013**