UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NITE GLOW INDUSTRIES, INC., I DID IT, INC., and MARNI MARKELL HURWITZ,

    *Plaintiffs,*

v.

CENTRAL GARDEN & PET COMPANY and FOUR PAWS PET COMPANY, D/B/A FOUR PAWS PRODUCTS, LTD.,

    *Defendants.*

Civil Action No. 12-4047 (KSH) (CLW)

**OPINION**

## I. Background

This matter comes before the Court on plaintiffs' informal application by letter (D.E. 441 (Pl.'s Ltr. Br.)) seeking, along with other relief, an emergency order directed to the status of U.S. Patent Application No. 14/821,554 (the "Application"). Plaintiffs initially requested that the Court order defendants to file a petition to revive the Application (Pl.'s Ltr. Br. 2, 7, 9), but their later submission now requests an order directing defendants to assign the Application to them (D.E. 445, Pl.'s Reply 1, 4, 9.)

That assignment request is among the relief plaintiffs have sought in their motion to amend the judgment, one of five pending post-trial motions the parties have filed. On March 19, 2019, the Court heard nearly a full day of oral argument on the motions, the briefing of which amounts to more than 400 pages, plus exhibits. Plaintiffs have asserted that the jury's verdict and damages award in plaintiffs' favor on their claim for breach of the confidentiality agreement between the parties require that a utility patent application (*i.e.*, the Application) and three design patents held by defendants be assigned from defendants to plaintiffs. (D.E. 401.)

In their initial filing – the December 19, 2019 letter brief – plaintiffs alleged that defendants permitted the Application to become abandoned as of October 22, 2019, and they sought an emergency order directing defendants to file a petition with the U.S. Patent and Trademark Office to revive it.[1] They explained that after defendants failed to respond to an office action dated April 15, 2019, which had a response deadline of October 16, 2019 when accounting for an extension of time, the Application became abandoned. (Pl.'s Ltr. Br. 3; D.E. 441-1, Colvin Decl., Ex. ¶¶ 6-7 & Ex. B-C.) This abandonment, they have asserted, was improper because defendants had an obligation not to permit the Application to go abandoned based on the jury's verdict and plaintiffs' post-trial motions. (Pl.'s Ltr. Br. 1-2.) Plaintiffs claim that if defendants let the Application remain abandoned, they and others "may" be allowed to "steal Ms. Markell's idea." (*Id.* at 3.) Their letter brief urged that the Court order defendants to file a petition to revive the Application "soon" because the passage of time would make it "more difficult" to do so successfully. (*Id.* at 7.) No citation to legal authority accompanied plaintiffs' argument, and the only deadline provided appeared in the letter's conclusion, which requested that the emergency order direct defendants to file the petition for revival "at the earliest possible time after the Court's order (no later than January 23, 2020)." (*Id.* at 9.)

Defendants filed a brief response (D.E. 442) disputing the purported exigency, among other matters, and summarized their view of plaintiffs' application as follows:

> Plaintiffs' letter, in effect, seeks a temporary restraining order, but without establishing irreparable harm, without complying with the procedural requirements, and without demonstrating the substantive proofs.

---

[1] Plaintiffs have also alleged continuing infringement by defendants and argue that this alleged conduct warrants further enhanced damages beyond the requests for enhancement in its post-trial motions (D.E. 401, 404). (Pl.'s Ltr. Br.; Pl.'s Reply 1, 7-9.) They do not seek emergent relief with respect to that request and, as such, the Court will address the issue in ruling on the post-trial motions.

(*Id.* at 2.) After reviewing plaintiffs' letter application, and in particular the claims they made about potential harm absent emergent action by the Court, and considering the procedural and substantive informality of plaintiffs' submission, which signaled a lack of urgency and failed to comply with our local rules, the Court concluded that plaintiffs had failed to demonstrate why the matter deserved an emergent response. Nevertheless, the Court set a briefing schedule for the defendants to file a substantive response and plaintiffs to reply to it. (D.E. 443.)

Defendants' opposition, which was filed January 6, 2020 (D.E. 444, Def.'s Opp.), argues that plaintiffs have fallen well short of satisfying (and indeed fail to even cite) the standard for emergent injunctive relief. They also challenge the consistency of plaintiffs' position with respect to the value of the Application and argue that plaintiff has supplied no legal basis for demanding that defendants be directed to file a petition to revive the Application.

Plaintiffs' reply (D.E. 445) seeks, instead of an order directing defendants to file a petition to revive, an order directing the immediate assignment of the Application to plaintiffs. They again assert that the jury found defendants breached the confidentiality agreement "by failing to disclose and assign inventions to" plaintiff Markell (Pl.'s Reply 2), and now claim that equitable title to the invention disclosed in the Application is vested in her; that this right prohibits defendants from unilaterally abandoning the Application and wasting plaintiffs' asset; and that the Court should order immediate assignment so that legal title also transfers to Markell (*id.* at 4). The reply briefly addresses the standard for injunctive relief, arguing that "the jury's finding of breach and [defendants'] duty to assign" satisfies the success-on-the-merits requirement, and that irreparable harm exists because plaintiffs' "may" lose ownership rights in it if the Application remains abandoned because (a) it is "more difficult" to have a petition to revive accepted "if not filed within a certain time period" following abandonment, and (b) absent

3

a petition to revive, plaintiffs' alleged "ownership rights" in the Application will be wasted. (Pl.'s Reply 5-6.) They claim that the balance of harm favors plaintiffs because whereas defendants would lose nothing if a patent application they have already abandoned is assigned away from them, failure to assign will waste plaintiffs' alleged rights in the Application. (*Id.* at 6.) Finally, plaintiffs frame immediate assignment as merely "fulfill[ing] [defendants'] contractual obligations," which they view as unharmful to the public interest. (*Id.*)

**II.     Discussion**

As the Court observed in its December 23, 2019 order, plaintiffs have sought mandatory injunctive relief on an emergent basis. To obtain that relief, plaintiffs must show (1) a likelihood of success on the merits of their claim to ownership of the Application, (2) absent the requested relief, they will suffer irreparable harm, (3) the balance of hardships favors them, and (4) issuance of the requested injunction is in the public interest. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176, 179 (3d Cir. 2017); *accord Sumecht NA, Inc. v. United States*, 923 F.3d 1340, 1345 (Fed. Cir. 2019).[2]

"An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 166 (2010). To the extent plaintiffs' request is one for a mandatory injunction that would alter the status quo insofar as they are seeking an order that would affirmatively transfer ownership of the Application from

---

[2]     Although these cases addressed requests for preliminary injunctions, the standard is materially the same for issuance of permanent injunctions, except that for the latter, a plaintiff must demonstrate actual, rather than a likelihood of, success on the merits. *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987). Although the present application is preliminary in the sense that the Court has not yet ruled on plaintiffs' motion to amend the judgment and is not doing so herein, plaintiffs are essentially asking that the Court order the final, and permanent, relief of assignment now.

defendants to plaintiff, they face a "particularly heavy" burden. *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 219 n.13 (3d Cir. 2014).

### A. Success on the merits

Plaintiffs argue that in view of the "jury's finding of breach and [defendants'] duty to assign," they have "met the requirement for success on the merits of this issue." (Pl.'s Reply 5.) But their submissions fall short of satisfying the Court that this element is met.

The basis for plaintiffs' claim of entitlement to assignment is the confidentiality agreement between the parties, which states in relevant part as follows:

> Recipient shall promptly and fully disclose and assign to Discloser all inventions and discoveries, whether patentable or not, ***resulting from or arising out of its activities hereunder*** and shall assist Discloser in every proper way, entirely at Discloser's expense, to obtain for Discloser patents on such inventions and discoveries, in any and all countries; all *such* inventions and discoveries to be and remain the property of Discloser whether or not disclosed, assigned or patented.

Trial Ex. 12 (emphases added); *see also* 6/7/18 Trial Tr. 45:6-14 (plaintiff Markell reading provision into record). Plaintiffs' submissions fail to establish that they have successfully shown, or, to the extent this application is considered a request for "preliminary" relief pending the outcome of their post-trial motion to amend the judgment, are likely to show, that the Application qualifies as "resulting from or arising out of its activities" under the confidentiality agreement. Albeit their papers offer citations to the record, on examination these references are in the main conclusory and unhelpful. Many are to plaintiffs' own arguments and positions taken throughout the litigation. (Pl.'s Reply 2-3 (citing complaints, list of legal issues in final pretrial order, trial brief, and post-trial briefing on motion to amend judgment). Others are to jury instructions, the verdict sheet, the confidentiality agreement itself, and the patent

application. (*Id.*) Even the transcript excerpts plaintiffs cite (*id.* at 2-3) contain testimony and argument irrelevant to this issue.[3]

In brief, plaintiffs' submissions seeking emergent relief fail to compel the conclusion that plaintiffs will successfully convince the Court by way of their post-trial submissions that assignment of the Application is required, or that the jury's verdict mandated assignment.

### B. Irreparable harm

Plaintiffs' arguments concerning the harm that may occur if the requested relief is denied are perplexingly vague. They hedge that if defendants are permitted to let the Application remain abandoned, they and others "*may* be allowed to steal Ms. Markell's idea" (Pl.'s Ltr. Br. 3 (emphasis added)), and that she "*may*" lose her alleged ownership rights in the Application if it remains abandoned (Pl.'s Reply 5-6) (emphasis added).) These bald assertions go otherwise unexplained and unsupported. They further assert that the passage of time will make revival "more difficult" (Pl.'s Ltr. Br. 7), and, specifically, that a petition to revive is "more difficult to get accepted if not filed within a certain time period" after the abandonment (Pl.'s Reply 6).

---

[3] In the June 7, 2018 trial transcript, pages 111 to 112 consist of plaintiff Markell identifying several accused products placed before her. To the extent plaintiffs' citation to these pages in the briefing on their motion to amend judgment describes them as "Ms. Markell reading this provision [of the confidentiality agreement] into the record" (D.E. 401-1 at 11), she actually does so on page 45 of the transcript, but that discussion is no more helpful to plaintiff.

On page 141 plaintiffs' counsel is simply reiterating for the record his prior request that the assignment issue be given to the jury.

Pages 189 to 190 excerpt defendants' cross-examination of plaintiff Markell; far from establishing the necessary connection between her disclosures and the Application, Markell admitted that she did not know what defendants did on their own to create their product. (6/7/18 Trial Tr. 189:16-22.)

In the June 25, 2018 trial transcript, pages 122 to 123 contain an excerpt from plaintiffs' closing arguments. None of the foregoing accomplishes what plaintiffs are arguing here, to wit that the jury necessarily found that the Application was "resulting from or arising out of its activities hereunder."

Ultimately, they claim, if no petition is filed, her alleged ownership rights "will be wasted, and [she] will be irreparably harmed." (*Id.*)

The only authority plaintiffs supply in support of this argument does not establish that plaintiffs' alleged rights will be irreparably harmed absent the emergent relief they seek. 37 C.F.R. § 1.137(a) provides that "[i]f the delay in reply by applicant or patent owner was unintentional, a petition may be filed . . . to revive an abandoned application."[4] The regulation does not explicitly require the petition to be filed within a certain time frame. The Manual of Patent Examining Procedure (MPEP) merely explains that, as a matter of practice, a petition to revive filed more than three months after an applicant is notified of abandonment may be scrutinized more closely:

> The Office does not generally question whether there has been an intentional or otherwise impermissible delay in filing an initial petition pursuant to 37 C.F.R. 1.137, when such petition is filed: (A) within 3 months of the date the applicant is first notified that the application is abandoned; and (B) within 1 year of the date of abandonment of the application. Thus, an applicant seeking revival of an abandoned application is advised to file a petition pursuant to 37 CFR 1.137 within 3 months of the first notification that the application is abandoned to avoid the question of intentional delay being raised by the Office (or by third parties seeking to challenge any patent issuing from the application).
>
> Where a petition pursuant to 37 CFR 1.137 is not filed within 3 months of the date the applicant is first notified that the application is abandoned, the Office may consider there to be a question as to whether the delay was unintentional. In such instances the Office may require further information as to the cause of the delay between the date the applicant was first notified that the application was abandoned and the date a 37 CFR 1.137 petition was filed, and how such delay was "unintentional."
>
> To avoid delay in the consideration of the merits of a petition under 37 CFR 1.137 in instances in which such petition was not filed within 3 months of the date the applicant was first notified that the application was abandoned, applicants should include a showing as to how the delay between the date the applicant was first

---

[4] The "unavoidable" language that appears in both sides' briefing is no longer part of the relevant regulation or statute. *See* 35 U.S.C. § 27; *see also* MPEP 711.03(c) at II.

> notified by the Office that the application was abandoned and the filing of a
> petition under 37 CFR 1.137 was "unintentional."

MPEP 711.03(c) at II.D. In other words, if plaintiffs are ultimately determined to be entitled to assignment of the Application, and at that point more than three months have elapsed since notification, and at that point they file a petition to revive, they may be required to provide additional information and be subject to closer review by the USPTO. Plaintiffs fail to explain how they would be irreparably harmed under these circumstances. They do not, for example, argue that they could not substantively meet the standard for revival if the Court declines to order the requested emergent relief. And more to the point, although the Court declines to wade into the merits of the Application's prosecution, they do not argue that they could meet the standard now but could not meet it if emergent relief is not ordered.[5]

### C. Balance of hardships, public interest, and adequacy of remedies at law

Although plaintiffs have failed to establish either of the "gateway" factors to injunctive relief, *see Reilly*, 858 F.3d at 179, the Court will briefly address the remaining considerations. The balance of hardships or equities does not, under the circumstances, favor granting the relief requested. Plaintiffs contend that defendants would lose nothing by being forced to give up a patent application they have already declined to pursue, but, as discussed above, plaintiffs have not demonstrated that it is likely they will succeed on the merits of their claim to ownership of the Application. Consequently, assigning it to them now would potentially provide them with a windfall should the Court ultimately rule in favor of defendants on this issue.

---

[5] The regulation requires petitions to revive to contain, among other things, a reply to the outstanding office action and statement that "the entire delay" in filing the necessary reply to the outstanding office action was unintentional. 37 C.F.R. § 1.137(b)(1), (4).

8

Similarly, plaintiffs' argument that the public interest favors granting immediate assignment presupposes the success of their claim of ownership to the Application. (Pl.'s Reply 6 ("The fulfillment of [defendants'] contractual obligations would in no way be harmful to the public interest.")). Plaintiffs' application does not establish at this juncture that defendants have a contractual obligation to assign the Application to them given the paucity of evidence cited in support of the "resulting out of or arising from" language in the confidentiality agreement.[6]

**III.    Conclusion**

Plaintiffs' informal application for an emergent order directing the immediate assignment of the Application is denied. An appropriate order will issue.

Date: January 17, 2020

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

---

[6] As with any equitable remedy, a party seeking a permanent injunction must also show that remedies available at law (*i.e.*, damages) are inadequate to compensate for the injury. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *see also Apple Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352, 1359 (Fed. Cir. 2013). The parties have not addressed this issue in their submissions on plaintiffs' application, and, to the extent relevant, it will be addressed in the context of the Court's ruling on plaintiffs' motion to amend the judgment.