**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NITE GLOW INDUSTRIES, INC., I DID IT, INC., and MARNI MARKELL HURWITZ,

*Plaintiffs,*

v.

CENTRAL GARDEN & PET COMPANY and FOUR PAWS PET COMPANY, D/B/A FOUR PAWS PRODUCTS, LTD.,

*Defendants.*

Civil Action No. 12-4047 (KSH) (CF)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

Before the Court is the matter of how to calculate prejudgment interest on the sum awarded to plaintiffs for defendants' misappropriation of their idea. In its Findings of Fact and Conclusions of Law pursuant to Fed. R. Civ. P. 52(a), issued on September 30, 2025, the Court awarded plaintiffs the principal sum of $5,045,207, and directed the parties to file submissions within 14 days reflecting their proposed calculations of prejudgment interest, on which they had reserved. (D.E. 620, 621.) They have done so. (D.E. 622, 623.)

As the parties recognize, the award of prejudgment interest here is governed by New Jersey law,[1] and N.J. Ct. R. 4:42-11(b) applies. Rule 4:42-11(b) starts the running of interest in tort actions "from the date of the institution of the action or from a date 6 months after the date the cause of action arises, whichever is later," and here it is undisputed that that the action's

---

[1] "Prejudgment interest on monetary recoveries on state-law claims in federal court is governed by the claim-supplying State's law." *ams-OSRAM USA Inc. v. Renesas Elecs. Am., Inc.*, 133 F.4th 1337, 1356 (Fed. Cir. 2025).

1

filing date, not the cause of action's earlier accrual date, started the clock. (D.E. 622 (defense submission); D.E. 623 (plaintiffs' submission).) The parties also agree on how the calculation is to be done; that is, it is simple interest at the rates published as described in Rule 4:42-11(a)(ii), plus 2% per annum as set forth in Rule 4:42-11(a)(iii). *See also* Pressler & Verniero, *Current N.J. Court Rules*, Publisher's Note to R. 4:42-11 (Gann 2025) (listing annual interest rates pursuant to R. 4:42-11(a)(ii)). They also agree on the figures resulting from that calculation for two periods: $1,629,041 for the period of July 1, 2012 to March 8, 2024, and $1,037 per day from October 1, 2025 until the date final judgment is entered.[2]

Their dispute is over how to handle the period from March 9, 2024 through September 30, 2025, after trial had concluded and the parties were awaiting the Court's decision. Defendants argue that the running of prejudgment interest should be suspended for this period, citing Rule 4:42-11(b)'s language that "in exceptional cases the court may suspend the running of such prejudgment interest." They contend that the period was tantamount to a stay or administrative termination and was out of their control, such that awarding interest for that time would be unfairly punitive to them. (D.E. 622, at 1-2.)

Plaintiffs counter that the rule's exception is narrow, and that suspension of interest is not warranted where they have caused no delay and no other circumstances that courts have considered exceptional, such as a defendant's bankruptcy, have occurred. (D.E. 623, at 2-3.) They continue that delays due to the Court's case management do not count as exceptional, and that the purpose of prejudgment interest is simply to compensate a successful plaintiff for the time value of money, which would be the case here: during the action's pendency, defendants

---

[2] Defendants specify that they agree with this daily rate as long as judgment is entered in 2025. (D.E. 622, at 2.) Because judgment will be entered immediately after this opinion and the accompanying order are issued, that condition is satisfied.

had, and could invest and earn returns on, the money they have now been ordered to disgorge, while plaintiffs did not have access to it and could not earn anything on it. Depriving plaintiffs of those returns would be a "windfall for the tortfeasor at the expense of Plaintiffs, and therefore inequitable." (*Id.* at 3.)

As plaintiffs appropriately point out, prejudgment interest is not a punitive measure. It is intended instead to "compensate a party for lost earnings on a sum of money to which it was entitled, but which has been retained by another," *i.e.*, the tortfeasor defendant. *N. Bergen Rex Transp., Inc. v. Trailer Leasing Co.*, 158 N.J. 561, 574-75 (1999) (quoting *Sulcov v. 2100 Linwood Owners, Inc.*, 303 N.J. Super. 13, 39 (App. Div. 1997)). There is a "strong presumption" in favor of awarding prejudgment interest under Rule 4:42-11(b), in the absence of "exceptional circumstances." *Freedom Mortg. Corp. v. LoanCare, LLC*, 2024 WL 3226942, at *5 (D.N.J. June 27, 2024) (Bumb, J.).

That "exceptional circumstances" exception is to be "'sparingly'" applied, and the Court's power to suspend the running of prejudgment interest must be "'cautiously exercised, and always with consideration of the underlying purpose and philosophy of the rule,'" which, again, is that "'prejudgment interest is not a penalty but is rather a payment for the use of money.'" *Id.* at *6 (citations omitted); *see also Adkins v. Sogliuzzo*, 820 F. App'x 146, 151 (3d Cir. 2020) ("Although a court may suspend the running of prejudgment interest in 'exceptional cases,' it may do so only 'where it is demonstrated that the policy, spirit and intent of the rule are patently inapposite to the circumstances at hand.'" (quoting *Ruff v. Weintraub*, 105 N.J. 233, 245 (1987))).

Here, the rule's purpose is squarely implicated. While the parties awaited decision following the conclusion of the remand trial in March 2024, defendants had use of money that

3

rightfully belonged to plaintiffs and which they have now been ordered to disgorge. Plaintiffs did not. In such scenarios, prejudgment interest is regularly awarded. *See, e.g.*, *Adkins*, 820 F. App'x at 151 & n.4 (interest appropriately reached periods when prior appeals were pending and when case had been remanded but not yet reopened); *Freedom Mortg.*, 2024 WL 3226942, at *4-7 (rejecting argument that court's decision to schedule trial for a date after parties indicated they were ready warranted suspension of prejudgment interest; critical consideration was that prejudgment interest compensates for time value of money and "the Court's own management and disposition of this matter are beside the point"); *Adamson v. Chiovaro*, 308 N.J. Super. 70, 82 (App. Div. 1998) (affirming trial court's application of prejudgment interest to period between jury verdict's return and entry of judgment).

Defendants cite *North Bergen Rex Transport, Inc. v. Trailer Leasing Co.*, 158 N.J. at 575, a non-tort case, in which the trial court suspended "the contractual rate of interest," which was 18%, for the 13-month period between the conclusion of trial and the issuance of the court's decision. But the New Jersey Supreme Court did not decide that *no* interest was due for that period, as defendants propose here. Instead, the prevailing party was "entitled to interest in accordance with equitable principles" for that period, which would be set on remand. *Id.* at 575, 576. *Accord Freedom Mtg.*, 2024 WL 3226942, at *7 ("Just as in *North Bergen*, LoanCare here is entitled to prejudgment interest throughout the entire period based on equitable principles.").

The specific facts here buttress the conclusion that suspension is unwarranted. The trial that concluded in March 2024 pertained only to the *amount* defendants would have to pay, not *whether* they would have to pay. That defendants were liable for misappropriation was established back in 2018 by the jury's verdict, and while the damages then awarded were vacated, they failed to persuade either this Court on post-trial motion practice or the Federal

4

Circuit on appeal that this liability finding was erroneous. Despite what appeared to be a narrow issue, the parties undertook two years of post-remand, pre-retrial discovery and motion practice following the Federal Circuit's ruling over the sole remaining question of how much defendants would have to pay plaintiffs for misappropriating their idea. Once the parties were done and had submitted their FPTO, the Court promptly addressed the remaining pre-trial issues and scheduled trial.³ The 92-page decision that the Court has issued reflects its painstaking review of the evidence the parties offered on their dissonant theories on head-start damages. The parties' and the Court's efforts to deal carefully and prudently with a complicated issue are apparent and should not be the driver for suspending interest, a very bad turn that would "unfairly penalize plaintiff." *Adamson*, 308 N.J. Super. at 82.

The disputed prejudgment interest amount is $507,814. (D.E. 622, at 2.) For the reasons discussed above, plaintiffs are entitled to have that amount included in the prejudgment interest to be added to the principal sum. The total prejudgment interest due is therefore **$2,136,855, plus $1,037/day** beginning October 1, 2025 until the date of judgment. An appropriate order and judgment will enter.

Dated: October 17, 2025

*s/Katharine S. Hayden*
Katharine S. Hayden, U.S.D.J.

---

³ Once the parties had a completed Final Pretrial Order in October 2023 (D.E. 566), the Court scheduled and heard oral argument on the motions *in limine*, decided them in November and December 2023, and scheduled a bench trial to begin in February 2024. (D.E. 567, 575, 577, 579, 580.)